INHABITANTS OF HOLDEN *vs.* INHABITANTS OF GLENBURN.

*Pauper. Notice under R. S., c. 24, § 27.*

The overseers of the plaintiff town gave notice to the defendants that "Samuel Staples and his wife Angenetta, and their children," giving their names and ages, had become chargeable as paupers, with the proper requests for removal, &c. To this notice no legal answer was returned. *Held,* that the defendants were not estopped to deny the settlement of the alleged wife and children unless it appeared that they were the wife and children of said Staples, and that testimony tending to negative that fact would be admissible.

ON REPORT.

ASSUMPSIT to recover for pauper supplies, alleged to have been furnished to Samuel Staples and his family, between the tenth day of April, 1872, and the seventeenth day of May, 1873, the day of the purchase of the writ.

The notice, omitting the names and ages of the children, was as follows:

"HOLDEN, July 10th, 1872.

GENTLEMEN :—You are hereby notified that Samuel Staples and his wife Angenetta, and their children. . . . . having legal settlement in your town, have now become chargeable in this town, as town paupers. We conceive it necessary to give you this information, that you may order their removal, or otherwise provide for them as you may judge expedient.

We have charged the expense of their support, which has already arisen, to your town, and shall continue so to do, as long as we are obliged to furnish them with supplies.

A. B. FARRINGTON, } *Chairman of the overseers of the poor of Holden.*

To the overseers of the poor of Glenburn."

The defendants contended that the written notice, so far as it related to the woman and children therein referred to, was defective, erroneous and insufficient, and such as they were under no

obligation to answer; and offered to show that the persons designated as the "wife" and the minor "children" were not the wife and children of Samuel Staples, and that the persons so named and designated had never resided in the defendant town.

The plaintiffs objected to the introduction of evidence to establish these facts, and the presiding justice *pro forma* sustained the objection. The defendants thereupon submitted to a default, which by the terms of the report was to be taken off and the action to stand for trial, if the rulings were erroneous.

*Brown & Simpson*, for the plaintiffs.

*H. C. Goodenow*, for the defendants.

DANFORTH, J. The first question raised in this case is as to the sufficiency of the notice in relation to the alleged paupers. They were described as Samuel Staples and his wife Angenetta, and their children, giving the name and age of each one. The defendants "offered to show that the woman so designated as the 'wife' and the children so designated as the minor children, were not in truth and in fact, the wife and minor children of said Samuel Staples," but this evidence was excluded, on the ground that the defendants were "estopped from proving any such facts." This estoppel seems to have been claimed because no answer was returned to the notice. If the notice was sufficient in regard to these persons now in question the defendants would be estopped, otherwise they would not be.

The R. S., c. 24, § 27, requires in such cases that the notice shall state "the facts respecting the person chargeable in their town. . . . . requesting them to remove him." What facts are to be stated are not specified, but the object to be accomplished makes it sufficiently clear. The purpose is to lay the foundation for the future action of the overseers. They are required either to deny the settlement of the alleged paupers or to remove them as the facts may require. In either case to secure intelligent action the overseers must have such accurate description as will enable them

Holden *v.* Glenburn.

to identify the person referred to. This may be done by name, or other description, if sufficient, so "that the overseers may certainly know whom to remove." *Bangor* v. *Deer Isle*, 1 Maine, 329.

From the notice now before us the overseers of the defendant town learn that not only the removal of Samuel Staples is required but also that of his wife and children. The notice itself is distinct and in it is no ambiguity. On investigation it is found that Staples has no such wife or children. If then, the overseers desire to identify them they are unable to do so from the description. They may by diligent inquiry ascertain who was intended by the description, as in *Lanesborough* v. *New Ashford*, 5 Pick., 190, but at the same time, as in that case, they learn that the persons so intended are not those actually described, and if they undertake to remove them they must do so upon information obtained from their own inquiries, and not from such as has been given them by the notice, while the statute requires them to act upon the latter only. This is not the case of an indefinite or defective description as in *Embden* v. *Augusta*, 12 Mass., 307, and *Shutesbury* v. *Oxford*, 16 Mass., 102, and which (as held in those cases) might be waived, but a description which in a material respect is false, and tends to lead astray. If the false part is left out, we have an entirely different description and one which can only apply to different persons, and materially different, certainly under the pauper laws, because in one case the settlement follows that of the husband and father and in the other it does not follow the person so named. The notice may have been sufficient with this part omitted, but it having been inserted it cannot be disregarded.

This will perhaps be more clear when we apply it directly to the estoppel claimed. The plaintiffs have a right to an answer to a sufficient notice, unless the pauper is removed, so that they may know whether the settlement is disputed. *Ellsworth* v. *Houlton*, 48 Maine, 416. The defendants have a right to a sufficient notice so that they may know whether to deny the settlement of the persons chargeable. Hence the statute provides that when no

answer to the proper notice is returned within two months the "town is estopped to deny his settlement therein." In this case a notice was sent which beyond question was sufficient to require a removal or an answer, or to work an estoppel, as to Staples, his wife and children therein named. Defendants had no occasion to deny the settlement of Staples. His wife and children would follow his settlement, therefore they would have no more occasion to deny theirs. Hence the only answer returned was not a denial but one of inquiry. They are therefore clearly estopped to deny their liability so far as Staples and his wife and children are concerned. But the estoppel can go no farther than the notice. The settlement of such as are therein named is admitted but no others. The notice refers to the expense which has accrued in the support of Staples and his family but for no other, and for that, and no other, the defendants are holden. The question involved is one of fact. It is simply whether the plaintiffs are now seeking to recover the expense accrued on account of the same persons named in their notice, and unless they show that these are the wife and children of Staples they must fail as to them. Hence the testimony excluded should have been admitted as bearing upon that point. This conclusion makes it unnecessary to consider the other point raised.                   *Action to stand for trial.*

APPLETON, C. J., CUTTING, WALTON, BARROWS and PETERS, JJ., concurred.